**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01956-NYW-KAS

LASERMARX, INC., d/b/a QUALITY ARCHERY DESIGNS, INC., and
QTM, LLC,

     Plaintiffs,

v.

HAMSKEA ARCHERY SOLUTIONS LLC,

     Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion for Dismissal and Summary Judgment of Invalidity and Non-Infring[e]ment ("Motion for Summary Judgment"), [Doc. 28, filed November 11, 2022], and Defendant Hamskea Archery Solutions, LLC's Motion to Strike ("Motion to Strike"), [Doc. 53, filed January 10, 2023], both filed by Defendant Hamskea Archery Solutions LLC ("Defendant" or "Hamskea"). Plaintiffs Lasermarx, Inc., d/b/a Quality Archery Designs, Inc. ("QAD") and QTM, LLC ("QTM" and, with QAD, "Plaintiffs") have responded to the Motion for Summary Judgment and Motion to Strike, [Doc. 46; Doc. 47; Doc. 48; Doc. 57], and Defendant has replied, [Doc. 55; Doc. 58]. The Court finds that oral argument will not materially assist in the disposition of these motions. Upon review of the Parties' briefing, the entire docket, and the applicable case law, this Court respectfully **GRANTS in part** and **DENIES in part** the Motion to Strike and **DENIES without prejudice** the Motion for Summary Judgment.

### BACKGROUND

The following factual background is based on the allegations in Plaintiffs' First Amended

Complaint for Patent Infringement ("First Amended Complaint"). [Doc. 24]. QAD, which develops and distributes archery products, is the exclusive licensee of two patents owned by QTM: (1) U.S. Patent No. 11,098,974 ("the '974 Patent"), and (2) U.S. Patent No. 11,359,884 ("the '884 Patent" and with the '974 Patent, the "Patents-in-Suit"). [*Id.* at ¶¶ 1, 9, 12]. The '974 Patent was filed April 2, 2020, and it issued on August 24, 2021. [*Id.* at ¶ 14]. The '884 Patent was filed November 9, 2020, and it issued on June 14, 2022. [*Id.* at ¶ 17]. Generally, these patents disclose a system for attaching archery accessories, such as arrow rests or sights, onto the rearward-facing portion of a bow riser by use of a "dovetail" joint. [*Id.* at ¶¶ 19–21]. Plaintiffs practice the Patents-in-Suit in commerce through their Integrate Mounting System, and QAD licenses the technology at issue to others in the archery industry. [*Id.* at ¶¶ 12, 20, 22].

Hamskea is one of Plaintiffs' competitors in manufacturing and selling archery accessories. [*Id.* at ¶ 38]. Today, Hamskea sells several products that Plaintiffs allege infringe on the Patents-in-Suit: the C.O.R. Mount Riser Interface, C.O.R. Universal Adaptor Bracket kit, and Epsilon Arrow Rest ("Alleged Infringing Products"). [*Id.* at ¶ 2]. In mid-2021, Hamskea and QAD discussed a licensing arrangement, presumably with respect to the Patents-in-Suit, but did not come to an agreement. [*Id.* at ¶¶ 22, 25]. Hamskea launched the Alleged Infringing Products at a trade show in Louisville, Colorado, in January 2022. [*Id.* at ¶ 23]. Pre-suit correspondence between the Parties did not resolve their dispute. [*Id.* at ¶¶ 26–28].

Plaintiffs filed this action on August 5, 2022. [Doc. 1]. Their initial Complaint for Patent Infringement contained two causes of action for infringement—one for each of the Patents-in-Suit. [*Id.* at 7, 13]. With respect to the '974 Patent, Plaintiffs alleged willful infringement of at least independent Claim 11. [*Id.* at ¶¶ 36–40]. With respect to the '884 Patent, Plaintiffs alleged willful infringement of at least independent Claim 12. [*Id.* at ¶¶ 42–46]. On October 7, 2022, Defendant

filed a Motion for Dismissal and Summary Judgment of Invalidity, arguing that the Patents-in-Suit were anticipated by U.S. Patent No. 7,409,950 ("the '950 Patent"), which issued on August 12, 2008, and which was commercially embodied in the Ripcord Fall-Away Arrow Rest. *See* [Doc. 17 at 2].

Shortly thereafter, Plaintiffs filed the operative First Amended Complaint, which mooted Defendant's motion. [Doc. 27]. The First Amended Complaint contains two causes of action for patent infringement and alleges infringement of (1) at least Claims 11 and 13 of the '974 Patent, and (2) at least Claims 12, 16, and 17 of the '884 Patent. [Doc. 24 at ¶¶ 42, 51]. Plaintiffs seek a finding of infringement, compensatory damages, permanent injunctive relief, enhanced damages, and attorneys' fees, among other forms of relief. [*Id.* at 30].

On November 11, 2022, Hamskea filed the instant Motion for Summary Judgment and invoked both Rule 12(b)(6) and Rule 56. [Doc. 28]. Plaintiffs responded to the Motion for Summary Judgment on December 19, 2022. [Doc. 46]. Plaintiffs attached their Initial Infringement Contentions, as served on Defendant. [Doc. 46-2]. Plaintiffs also filed a Response and Counterstatement of Material Facts in Opposition to Defendant's Second Motion for Dismissal and Summary Judgment of Invalidity and Non-Infringement ("Counterstatement"), [Doc. 47], as well as the Declaration of Michael A. Oropallo Pursuant to Rule 56(d) and in Support of Plaintiffs' Response in Opposition to Defendant's Second Motion for Dismissal and Summary Judgment of Invalidity ("Oropallo Declaration"), [Doc. 48]. On January 10, 2023, Hamskea moved to strike the Counterstatement, Oropallo Declaration, and Initial Infringement Contentions. [Doc. 53]. That same day, Defendant filed a Reply supporting its Motion for Summary Judgment. [Doc. 54].

**LEGAL STANDARDS**

I.   **Rule 56**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (quotations omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. Apr. 2023 update) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or the denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial. *See Brown v.*

4

*Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016).  For instance, "if th[e] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge."  *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).  Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury."  *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

**II.     Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nevertheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claims "across the line from conceivable to plausible").  The ultimate duty of the Court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).  The United

5

States Court of Appeals for the Federal Circuit applies the law of the respective regional circuit to motions to dismiss, and this District has repeatedly recognized the application of *Twombly* and *Iqbal* in patent cases.  *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018); *Brumate, Inc. v. Walmart Inc.*, No. 22-cv-00354-WJM-SBP, 2023 WL 4297576, at *3 (D. Colo. June 30, 2023); *BIAX Corp. v. Motorola Sols., Inc.*, No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012).

## ANALYSIS

### I. Motion to Strike

The Court begins with Defendant's Motion to Strike, as its resolution potentially impacts the record before the Court.  In the Motion to Strike, Hamskea seeks to strike the following materials submitted by Plaintiffs in connection with their response to the Motion for Summary Judgment: (1) the Counterstatement [Doc. 47]; (2) the Oropallo Declaration [Doc. 48]; and (3) the Initial Infringement Contentions [Doc. 46-2].  [Doc. 53 at 1].  First, Hamskea argues that the Counterstatement "does not represent a meaningful response to Hamskea's Undisputed Material Facts, particularly those that are harmful to [Plaintiffs'] case, even where they are immutable in nature, or have been admitted elsewhere."  [*Id.* at 3].  Second, Hamskea contends that the Oropallo Declaration "is a nullity under Rule 56(d)."  [*Id.* at 10 (capitalization altered)].  Third, Hamskea suggests that the Initial Infringement Contentions are "outside the scope of the pleadings."  [*Id.* at 18].  Plaintiffs have opposed the Motion to Strike, arguing that it "lacks any merit and merely underscores why [Hamskea's] request for summary judgment is premature."  [Doc. 57 at 2]. Because Plaintiffs' response identifies some ambiguity with respect to the legal authority invoked in the Motion to Strike, [*id.* at 3–4], Hamskea clarifies in reply that it relies on Rule 56(d) with respect to the Oropallo Declaration, and Rule 11 of the Federal Rules of Civil Procedure with

6

respect to the Counterstatement, *see* [Doc. 58 at 2, 5]. Defendant does not identify a basis for striking the Initial Infringement Contentions. *See generally* [*id.*].

*Counterstatement.* Defendant contends that the Counterstatement [Doc. 47] is not a "meaningful response" to Hamseka's undisputed facts. [Doc. 53 at 3]. It is true that, at summary judgment, a court may only consider evidence that can be presented in an admissible form at trial. *See Warming Trends, LLC v. Stone*, No. 19-cv-03027-PAB-STV, 2023 WL 2713954, at *8 (D. Colo. Mar. 30, 2023); *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). But Hamskea's Motion to Strike does not implicate admissibility. Instead, it appears that Defendant simply substantively disagrees with Plaintiffs as to the merits of the case. And as discussed further below, this Court is not persuaded that Hamskea's "Statement of Undisputed Material Facts" is adequately supported by fact at this juncture. In addition, this Court is not convinced that the Counterstatement violates Rule 11. Thus, this Court respectfully **DECLINES to STRIKE** Plaintiffs' Counterstatement.

*Oropallo Declaration.* In the Oropallo Declaration, one of Plaintiffs' attorneys recounts the procedural history of this case in an effort to demonstrate why Defendant's Motion for Summary Judgment is premature at this stage. *See generally* [Doc. 48]. This Court respectfully concludes that the document does not constitute admissible evidence to counter summary judgment, and notes that testimony from trial counsel is generally prohibited and may be disqualifying. *See, e.g.*, *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). Indeed, the Oropallo Declaration appears to be nothing more than attorney argument disguised as a declaration, and, as noted by Defendant, it does not meet the standard required by Rule 56(d). Thus, this Court **STRIKES** the Oropallo Declaration. But this Court need not consider the Oropallo Declaration to resolve the Motion for Summary Judgment

or consider the arguments it sets forth. This Court may take judicial notice of its own docket, including the Scheduling Order, [Doc. 37], entered in this action. *See Squires ex rel. Squires v. Goodwin*, 829 F. Supp. 2d 1041, 1053 n.6 (D. Colo. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1226 n.7 (10th Cir. 2008)). Furthermore, this Court must consider the Local Patent Rules for this District, which expressly apply to patent infringement, invalidity, and unenforceability actions, as well as the Local Rules of Civil Practice. D.C.COLO.LPtR 1(c), (d).

*__Initial Infringement Contentions.__* Defendant also seeks to strike Plaintiffs' Initial Infringement Contentions [Doc. 46-2], arguing that they fall outside the operative pleading. [Doc. 53 at 17–18]. As discussed above, a party asserting infringement must satisfy the standard set by *Twombly* and *Iqbal*. *See Brumate, Inc.*, 2023 WL 4297576, at *3. But it need not "plead infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citations omitted). Because this Court finds that summary judgment in favor of Defendant is unwarranted at this juncture, as discussed below, this Court need not consider whether Plaintiffs' Initial Infringement Contentions can save their First Amended Complaint from dismissal pursuant to Rule 12(b)(6).[1] Given the procedural posture of this case, this Court respectfully **DECLINES to STRIKE** Plaintiffs' Initial Infringement Contentions.

---

[1] Presumably, Hamskea is arguing that Plaintiffs cannot amend the operative pleading with the Initial Infringement Contentions—a proposition with which this Court agrees in principle. *Cf. In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiff[ ] may not effectively amend [a] Complaint by alleging new facts in . . . response to a motion to dismiss."). But as a practical matter, requiring a patent litigant to identify each patent claim at issue within the operative pleading might also lead to repeated (and potentially unnecessary) amendments as parties crystallize their cases, when the Local Patent Rules facilitate early and orderly infringement and invalidity contentions and require parties to proceed with diligence in making and amending such disclosures. *See Wyers Prods. Grp., Inc. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB-KMT, 2015 WL 3494718, at *2 (D. Colo. June 2, 2015) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Indeed, any concerns regarding continued shifting of infringement (or invalidity) claims are mitigated by the fact that

## II.   Motion for Summary Judgment

### A.   Parties' Arguments

In the Motion for Summary Judgment, Hamskea seeks summary judgment on its argument that Claim 11 of the '974 Patent and Claims 12, 16, and 17 of the '884 Patent are anticipated by certain pieces of prior art, namely the Ripcord Fall-Away Arrow Rest and Shrewd Remedy Arrow Rest. [Doc. 28 at 25–35]. Defendant suggests that "[t]here is no need for a formal claim construction" at this time, "due to the heavy presumption that the claim terms carry their ordinary and customary meaning," so the Court may proceed to applying the prior art to the Patents-in-Suit. [*Id.* at 14]. Hamskea also seeks summary judgment on its argument that its products do not infringe Claim 13 of the '974 Patent, which is the only other patent claim mentioned specifically in the First Amended Complaint. [*Id.* at 20–25]; *see also* [Doc. 24]. If the Court grants summary judgment on these issues, Hamskea submits that the First Amended Complaint should be dismissed under Rule 12 because it "fails to mention or assert any other patent claims with any degree of factual specificity." [Doc. 28 at 3, 35–36]. In connection with the Motion for Summary Judgment, Hamskea includes a 58-item Statement of Undisputed Material Facts, which consists largely of claim-by-claim statements about how prior art anticipates the Patents-in-Suit. [*Id.* at ¶¶ 1–58].

In their Response in Opposition to Defendant's Second Motion for Dismissal and Summary Judgment of Invalidity and Non-Infringement, Plaintiffs argue that Hamskea's Motion for Summary Judgment is premature. [Doc. 46 at 5]. Plaintiffs contend that, "due to the complex

---

amendments to initial and final infringement and invalidity contentions, once made, must generally be supported by good cause. *See Cocona, Inc. v. VF Outdoor, LLC*, No. 16-cv-02703-CMA-MLC, 2022 WL 462074, at *2 (D. Colo. Feb. 15, 2022). Here, the operative First Amended Complaint was filed on October 28, 2022, and Plaintiffs' Initial Infringement Contentions were served on December 19, 2022—before the deadline for service of Defendant's Initial Invalidity Contentions and only a month after the filing of the Motion for Summary Judgment. *See* [Doc. 37 at 8].

nature of patent cases, courts discourage such dispositive motions unless or until the parties have at least engaged in preliminary procedural steps such as infringement contentions, invalidity contentions, and claims construction, and usually encourage both fact and expert discovery before entertaining such motions." [*Id.* at 6]. They request that, for this reason, the Motion for Summary Judgment "be summarily denied, deferred, or continued." [*Id.* at 8]. They urge that claim construction would be required to assess Hamskea's validity arguments, and suggest that disputes regarding the merits of claim construction[2] constitute "questions of fact" that preclude summary judgment. *See* [*id.* at 14–20].

In their Counterstatement, Plaintiffs respond to Hamskea's Statement of Undisputed Material Facts, usually without citation to evidence and by treating Hamskea's facts as if they were allegations in a pleading, and then offer their own Statement of Undisputed Material Facts, presented without citation to supporting evidence. *See generally* [Doc. 47]. Hamskea has submitted a substantive Reply, but purported to do so "subject to" its Motion to Strike, which was filed the same day. [Doc. 54 at 1].

**B.  Discussion**

As acknowledged by Defendant, it is axiomatic that patents are presumed to be valid. 35 U.S.C. § 282(a); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 643 (2015). "That presumption takes away any need for a plaintiff to prove his patent is valid to bring a claim." *Commil USA, LLC*, 575 U.S. at 643. It is also well-settled that novelty, or anticipation, is a question of fact. *See Trintec Indus., Inc. v. Top-U.S.A. Corp.*, 295 F.3d 1292, 1294 (Fed. Cir. 2002). Therefore, a district court may only grant summary judgment with respect to novelty if the record discloses no genuine issues of material fact. *See id.* Infringement is also a question of fact.

---

[2] The claim construction hearing in this matter is currently set for October 11, 2023. [Doc. 65].

*See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 983 F.3d 1367, 1380 (Fed. Cir. 2021) (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 839 F.3d 1034, 1040 (Fed. Cir. 2016)). Upon review of the record before it, this Court cannot conclude, at this juncture, that summary judgment in favor of Defendant is appropriate.

First, this Court is not persuaded that claim construction is unnecessary to its evaluation. Indeed, Hamskea's argument that "[t]here is no need for a formal claim construction due to the heavy presumption that the claim terms carry their ordinary and customary meaning," [Doc. 28 at 14], is, in fact, a claim construction argument, and the Parties have since identified numerous disputed claim terms to be construed. *See generally* [Doc. 60]. The Motion for Summary Judgment and Reply contain no substantive discussion of what particular claim terms mean, let alone how the specification or prosecution history of the Patents-in-Suit—or other evidence—impacts their meaning. *See generally* [Doc. 28; Doc. 54]. Nor is this Court persuaded that it can simply rely upon "the same construction applied in the Amended Complaint," [Doc. 28 at 15], given that the First Amended Complaint does not define the claim terms of the Patents-in-Suit or the prior art proffered by Defendant. The Parties have entered no formal stipulations as to the meaning of the terms at issue, and claim construction is a matter of law for the Court to determine. And to the extent that Defendant invites this Court to construe the asserted claims in the context of the Motion for Summary Judgment without the benefit of a more robust argument from both sides, this Court respectfully declines to do so.

Second, this Court cannot conclude that there are no genuine issues of material fact that would bear on novelty or infringement. This Court is respectfully disinclined to rely upon "undisputed facts" that appear conclusory on their face and are based in large part on declarations that have not met the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure, or

that are submitted by individuals who have not been qualified as experts pursuant to Rule 702 of the Federal Rules of Evidence. While this Court notes that Plaintiffs fail to directly address Defendant's argument that Claim 13 of the '974 Patent is not infringed because Hamskea's C.O.R. Mount Riser Interface is sold separately from third-party bows and therefore cannot be "an integral part" of the bows, [Doc. 28 at 20], the Court further notes that the Parties dispute the meaning of "integral," [Doc. 60 at 21], and Plaintiffs argue that they "do not interpret 'integral' that narrowly." [Doc. 46 at 17–18]. Regardless, the Federal Rules of Civil Procedure do not require the First Amended Complaint to prove infringement at the pleading stage. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Without the benefit of claim construction and a more robust factual record, this Court cannot adequately compare the construed claim limitations to the Alleged Infringing Products to determine whether there are any genuine issues of material fact with respect to invalidity or infringement.

Third, this Court finds that truncating the various complex issues presented in the Motion for Summary Judgment would not be an efficient use of judicial resources. Unlike a motion to dismiss based on subject matter ineligibility that may be susceptible to an early dispositive motion, *see ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 765 (Fed. Cir. 2019), the instant Motion for Summary Judgment necessarily involves questions of fact. Without a better developed record, this Court respectfully declines to rush to judgment. The Motion for Summary Judgment is **DENIED without prejudice**.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)   The Motion for Dismissal and Summary Judgment of Invalidity and Non-Infring[e]ment [Doc. 28] is **DENIED without prejudice**;

(2)     Defendant Hamskea Archery Solutions, LLC's Motion to Strike [Doc. 53] is **GRANTED in part** and **DENIED in part**;

(3)     The Declaration of Michael A. Oropallo Pursuant to Rule 56(d) and in Support of Plaintiffs' Response in Opposition to Defendant's Second Motion for Dismissal and Summary Judgment of Invalidity [Doc. 48] is **STRICKEN**; and

(4)     Defendant **SHALL RESPOND** to the First Amended Complaint for Patent Infringement [Doc. 24] on or before **October 13, 2023**.

DATED: September 28, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge